IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP 22  A 10: 23

CLERK
S. DIST. OF GA.

JANE POWELL,                          )
                                      )
              Plaintiff,              )
                                      )
       v.                             )        CIVIL ACTION NO.: CV505-060
                                      )
JO ANNE B. BARNHART,                  )
Commissioner of Social Security,      )
                                      )
              Defendant.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr. ("the

ALJ" or "ALJ Gold") denying her claim for Disability Insurance Benefits and Supplemental

Security Income payments.  Plaintiff urges the Court to reverse the ALJ's decision and

enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a

proper determination of the evidence. Defendant asserts that the Commissioner's decision

is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental

Security Income payments on March 31, 2003, alleging that she became disabled on April

2, 2002, due to pain in the abdomen, arthritis, nerves, hormone problems, rectal prolapse,

cyst, hysterectomy, heart, and thyroid problems.  After her claim was denied initially and

upon reconsideration, Plaintiff filed a timely request for a hearing.  On March 2, 2005, ALJ

Gold held a hearing at which Plaintiff testified and was represented by counsel. (Tr. at 17).

Arthur Schmitt, a vocational expert, also testified at this hearing. (Id.). ALJ Gold found that

Plaintiff was not disabled within the meaning of the Social Security Act ("the Act").  (Tr. at

AO 72A
(Rev. 8/82)

18).  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 8).

Plaintiff, born on February 26, 1955, was fifty (50) years old when ALJ Gold issued his decision.  She has a ninth grade education.  (Tr. at 18).  Her past relevant work experience includes employment as a cook/deli, sewing machine operator/inspector, waitress, supervisor at a sewing plant, and stocker.  (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).  The first step determines whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287.  If the claimant is engaged in substantial gainful activity, then benefits are immediately denied.  Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments.  Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291.  If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three.  The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the impairment meets or equals one of the listed impairments, the plaintiff is presumed

2

disabled. <u>Yuckert</u>, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. <u>Id.</u> If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. <u>Phillips</u>, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. <u>Yuckert</u>, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of April 2, 2002, there was no indication that Plaintiff engaged in substantial gainful activity. (Tr. at 18-19). At step two, the ALJ found that Plaintiff has adhesions with bowel resection surgery and internal rectum prolapse, impairments that are "severe" within the Act. (Tr. at 21). However, the ALJ concluded that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (<u>Id.</u>). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform light exertional work activities and should not perform work activities with a specific vocational preparation ("SVP") higher than the level she performed throughout her work history. (Tr. at 22). Finally, ALJ Gold concluded at the fourth step of the sequential evaluation process that Plaintiff retained the capacity to perform her past relevant work. (Tr. at 23). Accordingly, ALJ Gold determined that Plaintiff was not disabled within the meaning of the Act.

3

## ISSUES PRESENTED

Plaintiff contends that the ALJ improperly discounted the findings of the consultative psychologist and a mental health clinic in finding her mental impairments to be non-severe. (Doc. No. 13, p. 13).  Plaintiff further contends that the ALJ improperly failed to credit testimony and evidence as to the severity of Plaintiff's loss of bowel control.  (Doc. No. 13, pp. 18-19).  Finally, Plaintiff alleges that the ALJ improperly failed to credit the lay testimony of Plaintiff's sisters.  (Doc. No. 13, p. 20).

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence.  Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved.  The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion.  Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982).  The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence.  Dyer, 395 F.3d at 1210.  In its review, the court must also determine whether the ALJ or Commissioner

4

applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I.   **The ALJ Properly Evaluated the Medical Source Opinions as to Alleged Mental Impairments.**

Plaintiff asserts that the ALJ failed to give proper weight to the findings of the consultative psychologist, Dr. Marc Eaton, who concluded that Plaintiff had no, or decreased, ability to perform certain work-related activities and diagnosed Plaintiff with generalized anxiety disorder and borderline intellectual functioning. (Doc. No. 13, pp. 15-18). Plaintiff also asserts that the ALJ failed to give proper weight to the medical opinions of the Satilla Community Services Mental Health Center where Plaintiff was seen by counselors and doctors. (Doc. No. 13, pp. 13-14).

The medical opinion of a treating physician "must be given controlling weight, i.e., it must be adopted" if it is well-supported and "not inconsistent with the other substantial evidence in the case record." 20 C.F.R. 404.1527(d)(2). See also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). Conversely, the Eleventh Circuit has made clear that the opinions of consultative examiners are not entitled to controlling weight because, unlike treating physicians, they are "one-time examiners." McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004). Furthermore, the Commissioner's regulations provide that a physician is not a treating source where the "relationship with the source is not based on [the] medical need for treatment or evaluation,

5

but solely on [the] need to obtain a report in support of [a] claim for disability." 20 C.F.R. § 404.1502.

In this case, there is no opinion as to any mental impairment from a treating physician. Instead, the medical opinions that support Plaintiff's claim of severe mental impairment come from Dr. Eaton, a consulting psychologist who conducted a single examination, and the Satilla Community Services Mental Health Center, where Plaintiff was seen on referral from her attorney. Regarding Dr. Eaton's findings, the ALJ specifically articulates that he discounts the opinion because it is unsupported by the overall objective evidence. (Tr. at 21). As to evidence from the Mental Health Center, the ALJ noted that Plaintiff was seen at the clinic in 2004, not on her own, but at the request of counsel. (Tr. at 21). Furthermore, the records of Plaintiff's visits at the clinic make note of the fact that "[Plaintiff] is seeking disability and has a hearing with the judge on 1/27/04," that "[Plaintiff was referred by her lawyer," and that "[Plaintiff's] case has been appealed by [her lawyer]." (Tr. at 547). The ALJ could reasonably have concluded that the findings of the clinic fulfilled no purpose other than to support a claim of disability. Because neither Dr. Eaton's opinions nor those of the Mental Health Center are opinions of "treating sources" as defined by the Commissioner's regulations and the law of the Eleventh Circuit, their opinions are entitled to no special weight. Thus, the consideration given to these medical source opinions was entirely proper.

## II.   The ALJ's Findings as to the Frequency of Plaintiff's Need for Restroom Breaks is Supported by Substantial Evidence

Plaintiff contends that the ALJ's findings regarding the frequency of Plaintiff's bathroom trips is not supported by substantial evidence. (Doc. No. 13, p. 18-19). Plaintiff

6

AO 72A
(Rev. 8/82)

alleges that although ALJ Gold found that Plaintiff suffered from adhesions with bowel resection surgery and internal rectum prolapse, he failed to consider the residual impact of such impairments (i.e., that she would miss two hours of work during an eight hour workday). (Doc. No. 13, p. 19).

Plaintiff does not point to any medical evidence of record supporting the fact that she must take such frequent restroom trips. Rather, she relies solely on her own subjective testimony alleging such an impairment, testimony which the ALJ specifically found not fully credible. (Tr. at 22). The ALJ explicitly noted Plaintiff's testimony that she must visit the restroom five to seven times per hour on bad days and three to four times per hour on good days, and that her incontinence prevents her from partaking in various activities. (Id.). Nevertheless, ALJ Gold declined to give full credit to these claims because he found "a lack of objective evidence to support her alleged symptoms/complaints." (Id.). Specifically, the ALJ found that despite Plaintiff's alleged need for such frequent breaks, she reported that she could walk on a treadmill for fifteen minutes at a time and that her treating physician noted that she appeared to be "progressing satisfactorily." (Tr. at 22). The ALJ concluded that Plaintiff's subjective claims were not supported by evidence in the record and therefore were not fully credible. Thus, substantial evidence supports ALJ Gold's decision not to include a limitation in his RFC assessment based on Plaintiff's claims.

### III.   The ALJ Did Not Err in Failing to Credit Lay Witness Testimony

Finally, Plaintiff contends that the ALJ did not properly consider her sisters' statements as to her need for frequent bathroom breaks. However, the ALJ did not err in discrediting the testimony of the lay witnesses regarding Plaintiff's complaints of

7

impairments.  Both Plaintiff and her sisters offered comparable testimony as to Plaintiff's alleged disabilities.  The Eleventh Circuit does not require an explicit finding as to credibility, but the implication must be obvious to the reviewing court.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Although the ALJ in the instant case made no specific finding as to the credibility of the sisters' testimony, their testimony was to the same effect as that of the Plaintiff, which the ALJ specifically found not fully credible.  Thus, in light of the ALJ's ultimate finding of no disability, the implication is obvious that the ALJ did not find the sisters' testimony to be credible.  See Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th 1983) (citing Allen v. Schweiker, 642 F.2d 799 (5th Cir. 1981)).  Accordingly, the ALJ properly considered the testimony and substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this _22_ day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

8

AO 72A
(Rev. 8/82)